IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PARTNEY CONSTRUCTION, INC., | ) | |
| Plaintiff, | ) | Civil No. 08-574-SU |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | |
| DUCKS UNLIMITED, INC., a District of | ) | |
| Columbia non-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

SULLIVAN, Magistrate Judge:

Partney Construction, Inc. ("Partney") brings this action against Ducks Unlimited Inc.

("Ducks Unlimited") asserting claims for breach of contract and in quantum meruit. Partney is an

Oregon corporation with its principal place of business in La Grande, Oregon. (Compl. ¶ 1.)

Partney is a construction contractor that performs excavation for wetland and stream restoration.

Ducks Unlimited is a District of Columbia non-profit corporation with its principal place of business

in Memphis, Tennessee, and is registered as a foreign non-profit corporation in the state of Oregon.

(Compl. ¶ 2). Ducks Unlimited's representatives in this case are located in a branch office in Sacramento, California. Ducks Unlimited moves to transfer venue under 28 U.S.C. § 1404(a) to the District of Nevada and Partney opposes the motion. Oral argument was heard and, for the reasons that follow, Ducks Unlimited's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) should be granted.

*Background*

Partney has contracted with Ducks Unlimited to perform approximately 80 separate contracts for wetland and stream restoration in various locations across the western United States. The contract at issue here was entered for rehabilitation of an exiting levee and installation of erosion control measures. (Compl. ¶ 5.) The construction project was known as the "Ruby Lake NWR, Wetland Enhancement--East March Levee, US-NV-27-1 and was located at a remote location approximately 65 miles southeast of Elko, Nevada. (Compl. ¶ 5.)

Partney alleges that the contract was negotiated in La Grande, Oregon and Sacramento, California. The parties agree that all work performed pursuant to the contract occurred at the job site in eastern Nevada. After the project was completed on October 11, 2007, Partney returned to La Grande, Oregon, and has not returned to Nevada. Partney alleges that Ducks Unlimited refused to pay for the completed work, forcing Partney to file this breach of contract case.

*Legal Standard*

Pursuant to 28 U.S.C. § 1404(a), a court has broad discretion to transfer a civil action to any other district where the action may have been brought initially, as a matter of convenience for the parties and witnesses, and to further the interests of justice. *Id.* Section 1404(a) was enacted to allow "easy change of venue," *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981), and "reflects

an increased desire to have federal suits tried in the federal system at the place called for in the

particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612,

616 (1964).

To transfer a case, a defendant must first show that the transferee court is one in which the

action could have been commenced originally.  Second, defendant must show that transfer would

result in greater convenience to the parties and witnesses, as well as advance the interest of justice.

28 U.S.C. § 1404(a).  The Ninth Circuit has set forth several considerations that can be used in

weighing these factors, including:  (1) plaintiff's choice of forum; (2) convenience of the parties;

(3) convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with

the applicable law; (6) feasibility of consolidation of other claims; (7) local interest in the

controversy; and (8) the relative court congestion and time of trial in each forum.  *See Decker Coal

Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  The court must balance the

preference given to plaintiff's choice of forum with the burden of litigating in an inconvenient forum.

*Id.; see also Telephone Management Corp. v. The Goodyear Tire & Rubber Company*, 5 F.Supp.2d

896, 897 (D.Or. 1998).

A.      Convenience of the Parties

While a plaintiff's choice of forum is generally accorded substantial weight in proceedings

under § 1404(a), that choice is not dispositive.  *See, e.g., Decker Coal Co.*,  805 F.3d at 843 ("The

defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice

of forum.").  In fact, the convenience of the witnesses "is often the most important factor [in the §

1404(a) analysis]."  *A.J. Indus., Inc. v. U.S. Dist. Ct.,* 503 F.2d 384, 389 (9th Cir. 1974).  Moreover,

if the operative facts did not occur within the forum of original selection and that forum has no

particular interest in the parties or the subject matter, the plaintiff's choice of forum will be given

considerably less weight. *See, e.g., Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th

Cir. 1968).  Finally, in assessing the convenience of the parties, some courts have also considered

the relative means of the parties. *See Williams v. Bowman*,  157 F.Supp.2d 1103, 1107 (N.D.Cal.

2001).

  Here, the only significant connection to Oregon is Partney's residence.  A review of

Partney's Complaint reveals that all of the conduct giving rise to Partney's breach of contract and

quantum meruit claims occurred at the job site in Nevada.  (Compl. 2-8.)  Moreover, in the absence

of a choice of law provision in the contract, Nevada law is likely to govern this action.  *See, e.g.,*

*Lilienthal v. Kaufman*, 239 Or. 1, 395 P.2d 543, 545-46 (Or. 1964) (*en banc*) (Oregon's choice of

law analysis asks which state has the most substantial interest in having its law applied and which

state has the most significant relationship to the case.); *Williams v. United Services Automobile*

*Ass'n*, 109 Nev. 333, 849 P.2d 265, 266 (Nev. 1993) (Nevada employs a "substantial relationship"

test); *see also Restatement (Second) of Conflicts of Laws* § 188(2) ("In the absence of an effective

choice of law by the parties . . . the contacts to be taken into account . . . to determine the law

applicable to an issue include: (a) the place of contracting, (b) the place of negotiation of the

contract, (c) the place of performance, (d) the location of the subject matter of the contract, and  (e)

the domicile, residence, nationality, place of incorporation and place of business of the parties.").

  Ducks Unlimited alleges, and Partney does not dispute, that most of the evidence –

documentary proof and witnesses are located in Nevada.  Additionally, all the job files are in

Sacramento, California, which is only 130 miles from Reno, Nevada.  Partney, however, alleges in

its opposition that "[Partney] is a small company with limited resources.  [Partney's] ability to

Page - 4 - FINDINGS AND RECOMMENDATION

prosecute this case will be severely hampered if this case is transferred to Reno, due to the increased

cost of discovery and attendance at court hearings and trial.  [Partney] is less able to absorb these

costs then is [Ducks Unlimited]."  (Pl.'s Mem. Opp. Mot. Transfer Venue 3.)

Partney's claim of financial hardship is not a factor that must be weighted more heavily than

other considerations.  Indeed, the relative means of the parties is not a factor enunciated by the Ninth

Circuit that must be considered by the court in determining whether transfer is warranted under

section 1404(b).  *See, e.g., Decker Coal Co.*, 805 F.2d at 843.  The operative facts occurred in

Nevada, Nevada law will likely control the decision and the body of evidence is in or near Nevada.

The "convenience of the parties" favors a transfer to Nevada.

B.      Convenience of the Witnesses

Convenience of witnesses is often the most important factor in determining whether or not

to transfer a given case.  *A.J. Indus., Inc.*, 503 F.2d at 389.  The court considers not only the number

of witnesses located in the respective districts, but also the nature and quality of their testimony, as

it relates to the issues in the case.  *See Royal Queentext Enterprises, Inc. v. Sara Lee Corp.*, 2000

WL 246599, at *6 (N.D.Cal. 2000) (quotations and citation omitted).  In balancing the convenience

of the witnesses, courts give primary consideration to non-party witnesses, as opposed to witnesses

who are employees of a party to the litigation.  *See  id.; Saleh v. Titan Corp.*, 361 F.Supp.2d 1152,

1160 (S.D.Cal. 2005).  Though not weighted as heavily as non-party witnesses, party witnesses are

nevertheless accorded consideration in the court's balancing of the convenience of witnesses.  *Saleh*,

361 F.Supp.2d at 1160.

Here, Ducks Unlimited alleges that it intends to call "two key witnesses," Jeff Mackay and

Marty Coleman, both who live and work in Nevada.  Ducks Unlimited explains that it will call

Mackay and Coleman "to talk about [Partney's] admissions and other aspects of [Partney's] activities. . . ." (Def.'s Reply Supp. Mot. Change Venue 5.)  According to Ducks Unlimited, Mackay's and Coleman's testimony "will be essential" to its case and if venue is maintained in Oregon, there will be no way to compel their appearance. (Def.'s Reply Supp. Mot. Change Venue 5.)

Additionally, James Jentzen, Ducks Unlimited's project engineer, is located Sacramento, California. Ducks Unlimited states that Jentzen "will be the principal witness on the company's behalf. . . . " (Def's Reply Supp. Mot. Change 4.)  In his declaration, Jentzen testifies that "[i]t would be inconvenient and more burdensome for [him] to travel to Oregon for discovery activities and trial than it would be to travel to the United States District Court for the District Of Nevada in Reno, Nevada, to which transfer is sought." (Decl. James Jentzen ¶ 6, June 17, 2008.)

In his declaration Partney identifies one potential witness, Dan Clerget, who resides in La Grande, Oregon.  Partney states that: "[i]t would be difficult and expensive to require Mr. Clerget to travel to Reno, Nevada for a trial." (Decl. Joseph Partney ¶ 5, June 24, 2008.).  According to Partney, Clerget "witnessed discussions between me and James Jentzen regarding the final inspection of the job site." (Decl. Joseph Partney ¶ 5.)  Additionally, in the Memorandum in Opposition, Partney submits that "[t]here are two likely witnesses from Nevada for plaintiff:  Mike Lattin, president of Canyon Construction in Elko, Nevada, who supplied rock used in the project, and Cliff Gardner, who did the same.  It is believed that Cliff Gardner resides in the Elko, Nevada area." (Pl.'s Mem. Opp. Mot. Change Venue 3.)  Finally, at oral argument Partney indicated there would be two additional witnesses from Ducks Unlimited called to testify on behalf of Partney: Steve Liske, located in Vancouver, Washington; and, Bryan Heck located in Spokane, Washington.

The court finds that the convenience of the witnesses, particularly the non-party witnesses, weighs in favor of transfer to Nevada. Ducks Unlimited has identified two non-party witnesses, Mackay and Coleman, with meaningful evidence who are not amendable to service of process in Oregon. Certainly with respect to the prospective defense witnesses, venue in Nevada is substantially more convenient. Partney has identified two non-party witnesses who also reside in Nevada, Lattin and Gardner. Partney, however, does not argue that requiring those two Nevada witnesses to travel to Pendleton, Oregon would be more convenient than travel to Reno, Nevada. Moreover, common sense would suggest that a trial in their resident state would be more convenient than travel to Oregon. The court notes that the distance between Elko, Nevada and Reno, Nevada is approximately 290 miles, compared with the approximately 520 miles between Elko, Nevada and Pendleton, Oregon.[1]

The four non-party witnesses have material, first-hand knowledge of the dispute here. All four witnesses live in the District of Nevada. It is important that their appearance can be compelled if necessary. With respect to Clerget, there is no evidence, or even an allegation, that Clerget would be unavailable for trial in Reno. In addition, while it is not clear from the pleadings, the court can only assume that Clerget is an employee witness for Partney and, therefore, would be entitled to less consideration when determining the convenience of the witnesses.

Finally, Partney also has suggested that Liske and Heck, employees of Ducks Unlimited branch offices in Vancouver and Spokane, would be possible witnesses. In his declaration, however,

---

[1]    This case arose in the Pendleton Division of the Oregon District Court. As such, a trial in this matter would most likely occur in Pendleton, Oregon. *See* LR 3.5 (b) and (c).

Jentzen states that "[n]o one from any of Ducks Unlimited's Northwest Regional offices had any involvement with the subject project or will be called as a witness in this case for any purpose." (Decl. Jentzen ¶2.)    In fact, Liske submitted a declaration of his own in which he stated unequivocally that "Mr. Partney has never admitted any facts to me that could be used against Partney Construction with respect to its legal claims.  I do not possess any other knowledge or information that will cause me to [be] called as a witness at trial."  (Decl. Steve Liske, July 14, 2008.)  Given the showing above, the court finds that Nevada is a more convenient forum for the witnesses.

C.    Interests of Justice

The final factor courts consider is whether transfer will serve the interest of justice.  A section 1404(a) transfer serves to "'prevent the waste of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen,* 376 U.S. at 616 (1964) (quoting *Continental Grain Co. v. The FBL-585,* 364 U.S. 19, 26-27 (1960)).

The state of Nevada will have a greater interest in the resolution of a dispute involving a project to rehabilitate its wetlands.  Similarly, a jury of local residents, in this case Nevada, is likely to be more attentive to issues directly involving their state rather than a foreign state.  Moreover, as discussed above, the operative facts occurred in Nevada; and Nevada law will control the outcome of the parties' dispute, as well as other aspects of the contract.  The evidence and non-party witnesses are located in or near Nevada.  This fact impacts not only the convenience of the witnesses and the court's power to compel their testimony, but it is also likely to make a trial in Nevada less costly.  Upon consideration of the convenience of the parties and witnesses and in the interest of justice, the court finds the balance of factors weighs in favor of a transfer to Nevada.

## RECOMMENDATION

Based on the foregoing, Ducks Unlimited's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (doc. #4) should be GRANTED; and this action should be TRANSFERRED to the United States District Court of Nevada.

Dated this  6th  day of October, 2008.


        /s/ Patricia Sullivan
          Patricia Sullivan
        United States Magistrate Judge


## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due October 21, 2008.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

majority